IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TARUS YOUNG, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2804-ODE-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS, | : | **ORDER AND NON-FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Tarus Young originally filed the above-styled civil action *pro se* in the Superior Court of Fulton County on June 23, 2017. On July 25, 2017, Defendant General Motors LLC ("GM," identified as "General Motors" in the Complaint) removed the action to this Court on the basis of federal question jurisdiction. *See* Notice of Removal [1] at ¶ 2. Plaintiff alleges that he is a former employee of GM and was wrongfully terminated on the basis of an alleged disability, and was retaliated against for opposing discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.* See Comp. [1-1] and attached Charge of Discrimination [1-3].

The action is before the Court on the Defendant's Motion to Dismiss for Want of Prosecution [11] ("Motion to Dismiss"). Defendant has moved to dismiss all of the Plaintiff's claims for want of prosecution under Local Rules 37.1 and 41.3. For the

reasons set forth below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [11] be **DENIED**.

**I.     BACKGROUND**

Defendant removed the action to this Court on July 25, 2017, and filed an Answer [2] on that same date. Under the Local Rules of this Court, the Joint Preliminary Report and Discovery Plan was required to be filed on or before August 24, 2017, but neither party timely filed its portion of the Joint Preliminary Report and Discovery Plan. Consequently, the undersigned entered an Order [8] on September 7, 2017, requiring the parties to file their respective portions of the Joint Preliminary Report and Discovery Plan. After the parties filed the Joint Preliminary Report and Discovery Plan [9], the undersigned entered a Scheduling Order [10] on September 15, 2017, which stated in relevant part as follows:

> The parties are advised that, **if a discovery dispute arises between the parties that is unable to be resolved through a live (in-person or at least telephonic) conference between counsel, counsel and *pro se* litigants are required to contact the chambers of the undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reasons why no joint call was made. This letter must be copied on all adversaries. Motions to compel, motions for protective order, motions for sanctions

> or any other motion arising out of a discovery dispute should ordinarily not be filed without a prior conference with the Court.

Scheduling Order [10] at 1-2 (emphasis in original). The Scheduling Order also noted that Plaintiff had not filed a Certificate of Interested Persons, as required by Local Rule 3.3, and ordered him to file a Certificate of Interested Persons within fourteen days of the date of that Order. *Id.* at 3.

On November 20, 2017, Defendant filed a Motion to Dismiss [11], alleging that the Plaintiff had failed to participate in discovery and requesting that the action be dismissed with prejudice for want of prosecution.

## II. DISCUSSION

In the Motion to Dismiss, Defendant requests that this action be dismissed with prejudice for want of prosecution under Local Rule 41.3, which provides, in relevant part:

> **A.  Dismissal Authorized.**  The court, may, with or without notice to the parties, dismissal a civil case for want of prosecution if:
>
> (1) A plaintiff or attorney willfully fails or refuses to make a case ready or refuses to cause a case to be made ready for placement on the trial calendar; or
>
> (2) A plaintiff or plaintiff's attorney shall, after notice, fail or refuse to appear at the time and place fixed for pretrial or other hearing

>or trial in a case or fail or refuse to obey a lawful order of the court in the case . . . .

LR 41.3(A), NDGa.

In the Motion to Dismiss, Defendant requests that this action be dismissed with prejudice for want of prosecution under Local Rule 41.3 because the Plaintiff failed to comply with the Court's Scheduling Order by failing to file a Certificate of Interested Persons. Def. Br. [11-1] at 2. Defendant also contends that the action should be dismissed because Plaintiff "has not in good faith participated in the discovery process." *Id.* According to Defendant, the Plaintiff has failed to respond to discovery requests, and has failed to cooperate in scheduling his deposition. *Id.*

As noted above, the Scheduling Order expressly requires the parties to contact the chambers of the undersigned in the event of a discovery dispute before filing any motion. *See* Scheduling Order [10] at 1-2. The undersigned has no record of Defendant's counsel contacting his chambers to resolve any discovery dispute between the parties in this case. Furthermore, the docket indicates that Defendant never filed a motion to compel requesting that the Court order Plaintiff to provide discovery responses or attend a deposition. Instead of following the requirements of the Scheduling Order, Defendant chose to file a Motion to Dismiss requesting the drastic remedy of dismissal with prejudice based, in part, on Plaintiff's alleged failure

4

to participate in discovery. Defendant provided no explanation for its failure to comply with the Scheduling Order before filing the motion.

The docket reflects that the Plaintiff failed to comply with the Scheduling Order by failing to file his Certificate of Interested Persons within fourteen days of the date of that Order. But Defendant also failed to comply with the Scheduling Order by filing a motion, based in part on alleged discovery disputes, without first contacting the chambers of the undersigned to request assistance in resolving those disputes. Furthermore, the Defendant has not established that the remedy of dismissal with prejudice would be an appropriate remedy for the Plaintiff's failure to file a Certificate of Interested Persons. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [11] be **DENIED**.

Nevertheless, Plaintiff is again **ORDERED** to file a Certificate of Interested Persons and Corporate Disclosure Statement within **fourteen (14) days** of the date of this Order. *See* LR 3.3, NDGa.

In the Motion to Dismiss, Defendant further requests, if the Court determines that dismissal is not warranted, that the Court order Plaintiff to respond to GM's written discovery requests and to appear for his deposition, and extend the discovery period an additional two months through February 28, 2018. Def. Br. at 5. In consideration of the Plaintiff's *pro se* status, the Court declines to order Plaintiff to

respond to discovery requests without giving him an opportunity to be heard on this issue. Accordingly, the parties are **ORDERED** to appear before the undersigned at a discovery hearing at **1:30 p.m. on December 21, 2017,** in Courtroom 1875, 18th Floor, United States Courthouse, Richard B. Russell Federal Building, 75 Ted Turner Drive S.W., Atlanta, Georgia 30303.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss [11] be **DENIED**.

Plaintiff is **ORDERED** to file a Certificate of Interested Persons and Corporate Disclosure Statement within **fourteen (14) days** of the date of this Order. The parties are **ORDERED** to appear before the undersigned at a discovery hearing at **1:30 p.m. on December 21, 2017,** in Courtroom 1875, 18th Floor, United States Courthouse, Richard B. Russell Federal Building, 75 Ted Turner Drive S.W., Atlanta, Georgia 30303.

**IT IS SO ORDERED and RECOMMENDED** this 11th day of December, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE